## Rector et al. vs. Morehouse.

To a *scire facias* to revive a judgment, a plea, that the judgment was rendered more than ten years, and that no execution, or other process for its satisfaction, or *scire facias* to revive it, had issued within ten years, may be stricken out on motion.

After the lapse of ten years from the date of a judgment, the law presumes that it is paid, (*Woodruff vs. Sanders, ad.,* 15 *Ark.* 143;) and this presumption is conclusive unless the plaintiff, in the absence of any effort to enforce payment of the judgment, shall show such facts and circumstances as will satisfy the minds of the jury that there were other reasons for the delay of the prosecution of the claim than the alleged payment.

*Writ of Error to the Pulaski Circuit Court.*

Hon. Willam H. Feild, Circuit Judge.

Pike & Cummins, for the plaintiffs. The court below erred in refusing the 1st, 2d, and 5th instructions moved by defendant below; and in charging the jury that no presumption of payment arose within twenty years from date of judgment.

This latter instruction was erroneous upon another ground. Where there was mere partial insolvency, and a total inaction of plaintiff for 10 or 15, or 18 years, it would warrant the jury, in their sound discretion, in finding payment.

But the provisions of our statute do not stand upon the same grounds as the mere *presumption* indulged by the common law. These provisions taken in connection with the *only means allowed* to destroy the presumption of payment, *to wit : partial payment* or a *written acknowledgment,* constitute *peremptory bars.* They are, in every sense, and to all purposes, statutes of limitation. The very same and no other acts displace the bar. See *sections* 14, 15, 29, 30, 31 *and* 32, *Old Code ; sections,* 18, 19, 32 *and* 33, *New Code.* See, also, *Woodruff vs. Sanders,* 15 *Ark.* 143.

Under special circumstances, the presumption of payment may attach within a shorter period than twenty years. It is a presumption of facts to be passed upon by the jury. 9 *Watts.* 441; 5 *Yerg.* 97; 2 *Speers* 357; 9 *Yerg.* 424; *Peck.* 60; 3 *McCord* 340.

The court therefore erred in giving the instruction given on its own motion—that no presumption could arise short of twenty years.

A still greater error was committed in refusing 1st and 4th instructions—even if we were mistaken wholly in supposing a written acknowledgment or partial payment were necessary to overturn the presumption of payment arising from the lapse of ten years.

Insolvency of one of several debtors does not destroy presumption. Absence from State, unless *permanent*, will not remove presumption, nor partial payment on discharge in bankruptcy. 5 *Conn. Rep.* 1.

Mere poverty of debtor will not destroy presumption. 5 *Verm.* 236.

Mere poverty, or temporary insolvency—nothing but absolute and permanent inability to pay—destroys the presumption. 2 *Barr* 225; 1 *Campb.* 227; 5 *Verm.* 236; 14 *Sergt. and R.* 22; 7 *Watts and S.* 75; 2 *Watts* 213, 215, 217; 1 *Yeates* 344; 4 *Whart.* 298.

FOWLER, for defendant. At common law, twenty years was the period fixed, from which payment might be presumed, without direct evidence. *Cope vs. Humphreys*, 14 *Serg. & Rawle* 19; *Herndon vs. Bartlett*, 7 *Mon. Rep.* 451; *Reardon vs. Searcy*, 3 *A. K. Marsh. Rep.* 544; *Gratwick vs. Simpson & Moore*, 2 *Atk. Rep.* 144; and our statute, (*Rev. Stat.*, *p.* 531, *sec.* 29; *Dig.*, *p.* 701, *sec.* 32,) enacts that "the presumption of payment shall apply to all judgments of any courts of record in this State, rendered prior to the passage of this act, in the same manner as such presumption applies to sealed instruments."

The plaintiff offered evidence to rebut the presumption of pay-

ment, which was passed upon by the jury whose peculiar province it was, and its sufficiency cannot be here enquired into.

Mr. Justice SCOTT delivered the opinion of the Court.

This was a *scire facias* to revive a judgment rendered in Pulaski county on the 12th of May, A. D., 1834. The writ was sued out the 25th of August, 1853. The pleas were:

1st. *Nul tiel record.*

2d. That the judgment was rendered more than ten years before the writ issued, and no execution, or other process for its satisfaction, or *scire facias*, was issued or pending, or any judgment, or order of revivor had within ten years next before the suing out of this writ.

3d. Payment.

4th. Same plea as the second, except that five years was substituted for ten.

On motion, the court struck out the second and fourth pleas, and properly so.

Issues were taken and trial had on the other two; the court finding the first, and the jury the second, in favor of the plaintiff below, judgment was given accordingly, from which Rector sued out a writ of error.

No question was made in regard to the plea of *nul tiel record.* Upon the trial of the issue on the plea of payment, considerable oral and documentary evidence was introduced on the part of the plaintiff, going to show that Rector had been most generally greatly embarrassed; that frequent executions against him had been returned, no property found ; that from time to time, however, his property had been sold under execution ; that he always had had property in possession, but generally it was reputed to be secured to his wife ; that he had been United States Marshal, and had money, and control of means, and at one time had a large stock of goods in partnership with others, but afterwards that firm failed. It was also proven by the clerk of the court, that, upon examination of the records of his office, he had not been

able to find that any process of execution, or *scire facias* had ever issued upon the judgment in question, prior to this *scire facias*. And that, after the rendition of the judgment, Rector had moved from Pulaski and settled in another part of the State, where he had ever since resided. The defendant moved the court for the following instructions to the jury, to wit:

*1st.* From the lapse of time, from the rendition of this judgment to the suing out of the writ in this case, if the jury believed no execution, or other process ever issued thereon, or *scire facias* in the meantime, the presumption of law is, that the judgment has been paid, and the jury shall so find, unless the delay has been satisfactorily accounted for; and mere partial insolvency, or embarrassment by debt, is no excuse for the delay, and the presumption of law will attach.

*2d.* That by law, if the jury believe, no execution or other process, or *scire facias* to revive, issued on said judgment from the 20th of March, 1839, for ten years thereafter, said judgment is presumed to be paid, and the jury should so find.

*3d.* That by law, any action of debt on said judgment was barred by the lapse of five years after the 20th of March, 1839, without execution or other process, or *scire facias* to revive, issued thereon; and if the jury believe, no such process did issue for five years after the 20th of March, 1839, or was pending, the jury are authorized and should find the judgment paid.

*4th.* That mere partial insolvency or embarrassment of Rector, if they believe from the use of the process of the law any thing could have been made on this debt, will not displace the presumption of payment, before stated in the foregoing instructions, and the jury are bound upon such presumption as conclusive proof of payment, if they believe any part of said debt might have been made by process, within the period alluded to in any of said instructions.

*5th.* That if the jury believe, no execution issued on said judgment, or any process to revive the same issued on said judgment, or was pending, for ten years next after the 20th of March, 1839,

the jury are bound to find the judgment paid, on the presumption of law, and nothing can displace such presumption but a partial payment by Rector, or a written acknowledgment of the debt, which must have been proven by plaintiff.

*6th.* That if the jury believe, no process of execution, or *scire facias* to revive was issued or pending, within five years next after 20th of March, 1839, they should find for defendants, unless plaintiff has proven that Rector, since 20th of March, 1839, has paid something on said judgment, or has, by writing, acknowledged the debt just.

All of which the court refused to give, and upon its own motion, charged the jury, that, in respect to the judgment in controversy, no presumption of payment did or could arise until 20 years had elapsed from the date of its rendition. To all of which doings of the court Rector excepted by bill, at the time.

The instruction which the court gave to the jury was erroneous. After the lapse of ten years from the date of the rendition of the judgment in question, the law presumed that it was paid. (*Woodruff vs. Sanders, adm.* 15 *Ark. R.* 143). And this presumption of the law, of the fact of payment, is conclusive in the absence of rebutting testimony, going to explain satisfactorily why an earlier demand has not been made. Within the ten years, the *onus* of proving payment lies on the defendant; after that time, it devolves on the plaintiff to show the contrary, by such facts and circumstances as will satisfy the minds of the jury, that there were other reasons for the delay of the prosecution of the claim than the alleged payment. If these are sufficient satisfactorily to account for the delay, then the presumption of payment, not being necessary for this purpose, is no longer entertained, because fully repelled. In the case at bar, the ten years having elapsed, the burthen was on the plaintiff to produce evidence from which the contrary presumption of non-payment might be inferred by the jury. Thus, he had to prove a negative, and this he attempted to do, by means of the testimony adduced, upon which the defendant, in his first and fourth instructions, asked

the court to instruct the jury to the effect that, unless this evidence should satisfy their minds that no part of the debt could have been made by process of law during the ten years, they were bound to find for the defendant, proceeding upon the proposition that partial insolvency was no excuse at all for the delay, which it was incumbent upon the plaintiff to account for.

Supposing this to be a sound proposition of law, it is to say that the law regards it as unreasonable that a plaintiff should stay his hand, when any part of the debt can be made, however inconsiderable in amount, or however hazardous the experiment is to be, that is to test whether or not anything can be made. In other words, the plaintiff is to be held to the highest and utmost possible diligence. If this be so, then the rule should not be as we have laid it down, upon authority to be found everywhere in the books, that the rebutting proof will be sufficient, if it be such as will satisfy the minds of the jury that the delay in prosecuting the claim arose from some other cause than the presumed payment; but it should be, that it will be insufficient unless it be absolutely and conclusively shown, that the payment has not been made. The case of *Taylor vs. Megorgee*, 2 *Barr*, *Penn. Rep.* 225, seems to have gone this length. But the weight of authority seems to occupy the more reasonable ground, in consonance with the ordinary conduct of men, that the negative proof will be sufficient if it affords for the jury a reasonable ground of inference, that the debt has not in fact been paid. Hence, such a verdict, against the presumption of payment, has been sustained upon proof of the obligor's inability to pay, as from his poverty; so also, upon proof of his insolvency, or of a state approaching to it. (See *Cowen & Hill's notes to Phil. Ev.*, part 3, note 301, p. 506, 512, 513, and the cases there cited). Every case of this kind must of course depend greatly upon the particular facts and circumstances shown in evidence, and which the jury are to consider all together. In the case at bar there were other facts and circumstances in proof, besides those going to show pecuniary embarrassment and insolvency, whether partial or entire, and the

jury should have determined upon them all, whether or not there was a reasonable ground upon which they could infer the presumption in fact, that the judgment in question *had not* been paid, as the law presumed it had, from lapse of time, unless the contrary was made to appear in a manner satisfactory to the minds of the jury.

In the light of these views, we think there was no error in the refusal of the court to give the two instructions in question.

The second instruction would have misled the jury unless it had been qualified to the effect, that the presumption could be repelled as we have indicated. And the fifth was erroneous for a like reason, and also for as much as the qualification contained in it was too narrow and did not go to the extent of allowing the presumption to be repelled by all the other means indicated. The third and sixth were wholly inapplicable and irrelevant.

The court did not, therefore, err in refusing the instructions asked for by the defendant below. But for the error in giving the instructions that it did give, the judgment must be reversed and the cause remanded to be proceeded with.